**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR22-00273-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Ronshai Nicole Loyd, | |
| Defendant. | |

Defendant Ronshai Nicole Loyd has appealed Judge Eileen Willett's detention order.  Doc. 24.  The government has filed a response (Doc. 27) and the Court held a hearing on December 7, 2022.

I.

The Court's review of the detention decision is *de novo*.  *See United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990).  The Court must "review the evidence before the magistrate" and any additional evidence submitted by the parties, "and make its own independent determination whether the magistrate's findings are correct, with no deference."  *Id*. at 1193.  Under the Bail Reform Act of 1984, Defendant must be detained if the Court finds that no condition or combination of conditions will reasonably assure her appearance at trial or the safety of the community.  18 U.S.C. § 3142(e).

1    Judge Willett detained Defendant as both a danger to the community and a flight
2    risk.  Doc. 18.  The government contends that the Court should affirm on both grounds.
3    The government must show that Defendant is a danger to the community by clear and
4    convincing evidence, 18 U.S.C. § 3142(f), and that she is a flight risk by a preponderance
5    of the evidence, *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

6    Parties may proceed by proffer at a detention hearing.  *United States v. Cabrera-*
7    *Ortigoza*, 196 F.R.D. 571, 574 (S.D. Cal. 2000) (collecting authorities).  In this case, both
8    parties provided factual proffers during the hearing.  No party requested an evidentiary
9    hearing or objected to the other side proceeding by proffer.

10    The Court must consider several factors in determining whether pretrial detention
11    is warranted:  (1) the nature and seriousness of the offense charged; (2) the weight of the
12    evidence against Defendant; (3) Defendant's character, physical and mental condition,
13    family and community ties, past conduct, history relating to drug and alcohol abuse, and
14    criminal history; and (4) the nature and seriousness of the danger to any person or the
15    community that would be posed by Defendant's release.  18 U.S.C. § 3142(g).

16                                                    II.

17    The Court finds by clear and convincing evidence that Defendant poses a danger
18    to the community.  She is charged with the serious offense of armed bank robbery in
19    violation of 18 U.S.C. § 2113(a) and (d).  The indictment alleges that she helped rob a
20    BBVA Bank in Phoenix, Arizona on December 18, 2019.

21    Following a bench trial, Carlos Devon Lewis was found guilty of robbing the
22    BBVA Bank.  *See* CR-20-00045-PHX-DGC, Doc. 113.  Video footage taken during the
23    robbery also shows a female accomplice.  She was covered head-to-toe in black clothing,
24    wore a mask, pointed a handgun at customers and employees, and ordered them to stay
25    down while Lewis jumped the counter and stole approximately $21,000.  A dye packet in
26    the money exploded as Lewis and the other robber fled the bank, staining much of the
27    money pink.  *Id.*

28

The robbery occurred at 11:43 a.m.  That afternoon Phoenix police officers followed Defendant and Lewis as they drove around Phoenix in a Cadillac Escalade. They stopped to purchase paint thinner (presumably to remove pink dye stains from the money), used dye-stained money for other purchases, paused the Escalade to discard the shoes worn by Lewis during the robbery, drove to a casino where their dye-stained money caused problems with one of the machines, and drove to a Marriott hotel where they stayed for the night.  A cell phone seized from Lewis and Defendant the next day contained Apple identification information for Defendant and photographs of Lewis and Defendant in the Marriott hotel room holding large wads of cash in a celebratory manner. One of the photos included Lewis wearing a mask as he did during the bank robbery. When officers later searched the hotel room, they found several thousand dollars, including pink dye-stained money.

Lewis was arrested the next day while driving the Escalade with Defendant.  The Escalade was found to contain bait bills from the robbery (pre-identified serial numbers designated by BBVA Bank) as well as thousands of dollars of additional cash.

That Lewis was accompanied by a female accomplice during the robbery shortly before noon on December 18, and Defendant was traveling around Phoenix with him a few hours later spending money stolen from bank, purchasing paint thinner, discarding shoes, and seeming to celebrate the robbery in photos, all suggest that she was the female involved in the robbery.  This suggestion is bolstered by the fact that Defendant was found the next day in the Escalade with bait bills taken from the BBVA Bank and thousands of dollars.

And safety concerns raised by Defendant's apparent use of a handgun to rob a bank are increased by the fact that Defendant attempted to purchase a handgun seven months ago, and did so using an address where she did not reside.

All of this rises to the level of clear and convincing evidence that Defendant is a danger to the community

III.

The Court also finds by a preponderance of the evidence that Defendant is not likely to appear in court as required. When she was charged five years ago with a misdemeanor offense of prostitution, she failed to appear in court on two different occasions and was not arrested on a warrant until two years later. Defendant has lived in Arizona most of her life and has not traveled out of the country, but she does not have stable employment or a stable source of income. She receives food stamps and otherwise relies on the earnings of her fiancé. She recently lived with her fiancé, but only for one month. The fact that Defendant failed to appear for court proceedings in a previous case where she faced less serious consequences than she faces here, and the lack of a stable residence or employment, persuade the Court a preponderance of the evidence that Defendant is a risk to not appear for the proceedings in this case.

**IT IS ORDERED** that Defendant's appeal of Judge Willett's detention order (Doc. 24) is **denied**.

The Court finds excludable delay under Title 18 U.S.C. § 3161(h)(1)(D) from 11/23/22 to 12/8/2022.

Dated this 8th day of December, 2022.

David G. Campbell
United States District Judge